UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERIC DEVON MOORE,

       Plaintiff,                                  Civil Action No. 16-CV-14091

vs.                                         HON. BERNARD A. FRIEDMAN

DONALD TRUMP,

       Defendant.
_____/


## OPINION AND ORDER DISMISSING THE COMPLAINT


      This matter is before the Court on the Court's own review of the complaint [docket number 1].  For the reasons stated below, the complaint is dismissed.

      In his *pro se* complaint, plaintiff Eric Devon Moore—aka "LOCK-BOX"—asserts antitrust violations, a qui tam claim, the theft of his intellectual property by the (non-existent) Trump Administration, and a stay of judgment under Fed. R. Civ. P. 62.  In support of these claims, he extensively quotes Abraham Lincoln's Gettysburg Address and an alleged 1963 John F. Kennedy speech about the cold war and nuclear development, he includes a drawing of "Bessy," a "cash cow" and his "new optimism," and he recites a bevy of questionable economic facts and data, which is further muddied by (seemingly explanatory) hand-drawn charts.  The heart of his claim seems to be that he does not particularly like the U.S. government's current trade policies.

The complaint is accompanied by an application to proceed *in forma pauperis,* which the Court has now granted. Having reviewed the allegations of plaintiff's now-filed complaint, the Court finds that this suit must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Under 28 U.S.C. § 1915(e)(2)(B), upon permitting a plaintiff to proceed *in forma pauperis,* the Court must "dismiss the case at any time if the court determines" that the case is "frivolous" or that the complaint "fails to state a claim on which relief may be granted." Here, the complaint fails to state a viable claim over which this Court may exercise subject matter jurisdiction.

Indeed, having reviewed the complaint, the Court is at a loss to identify (i) a cause of action that plaintiff wishes to pursue, (ii) any allegations suggesting how the sole defendant named in the complaint, President-elect Donald Trump, might have caused or contributed to any injury allegedly suffered by plaintiff, especially given that he is not yet inaugurated, or (iii) the relief that plaintiff seeks to recover in this suit. Rather, the complaint is simply a confusing jumble of references to federal statutes, famous speeches, and regulations, interspersed with text that does nothing to clarify the purpose or relevance of these citations.

Under Fed. R. Civ. P. 8(a)(ii), (d)(1), plaintiff need only provide a "short and plain statement" of his claims, and the allegations in support of these claims "must be simple, concise, and direct." These standards establish only a modest barrier for a *pro se* litigant to surmount, particularly in light of the Court's obligation to liberally construe *pro se* pleadings. In this case, however, plaintiff's submissions stubbornly resist any effort to discern the claims he wishes to assert, the facts in support of these claims, or the relief he seeks. Because these pleadings lack anything resembling the requisite "short and plain statement of [a] claim showing

that [plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), the Court concludes that this suit is frivolous, and that the complaint fails to state a claim on which relief may be granted.  The complaint is dismissed.


SO ORDERED.


__s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  November 28, 2016
        Detroit, Michigan